UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 25-cr-10207-IT-1

UNITED STATES OF AMERICA

v.

ERIC SPOFFORD

### ORDER ON EXCLUDABLE DELAY

LEVENSON, M.J.

The parties submitted a joint memorandum pursuant to Local Rule 116.5(a) requesting that the initial status conference scheduled for July 16, 2025, be canceled and an interim status conference be scheduled in approximately 60 days. Docket No. 30. The July 16, 2025, initial status conference is canceled, and the case is continued to September 8, 2025, at 11:00 a.m. for an interim status conference. Docket No. 32.

As required under Local Rule 116.5(b), one week prior to that conference, the parties shall submit a joint memorandum addressing all issues enumerated in the rule and any other issues relevant to the progress of the case.

With the agreement of the parties, the Court finds that the interests of justice in this case, *i.e.*, the need to allow Defendant time to review discovery and prepare the case for trial or other disposition, outweigh the interests of the public and Defendant in holding a trial within seventy days of the later of Defendant's first appearance or the filing and making public of the indictment.

Accordingly, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A): The clerk of this Court is ORDERED to enter excludable time for the period from July 16, 2025, up to and including September 8, 2025.[1]

Dated: July 10, 2025

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of the determination(s) and order(s) set forth herein must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. Such objections must specifically designate the order or part thereof to be to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hospital,* 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l*, 116 F.3d 962, 964–65 (1st Cir. 1997).