UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC SPOFFORD,<br>    *Defendant.* | No. 25-cr-10207-IT |

**FINAL STATUS REPORT**

LEVENSON, U.S.M.J.

The parties have filed a Joint Memorandum Pursuant to Local Rule 116.5(c)(2) that requests the Court to cancel the October 15, 2025, interim status conference, prepare a final status report, and transfer this matter to the District Judge. *See* Docket No. 50.

1. Rule 11 Hearing

The parties have not requested a Rule 11 hearing.

2. Discovery Status

The parties report that the government has produced automatic discovery as required by Fed. R. Crim. P. 16 and Local Rules 116.1(c) and 116.2, as well as discovery beyond that required by these rules. No additional discovery is expected. The government has requested reciprocal discovery under Fed. R. Crim. P. 16(b) and Local Rule 116.1(d). There are no outstanding discovery requests or motions for discovery.

3. Pretrial Motions

Defendant agrees to file any motions under Fed. R. Crim. P. 12(b) on or before December 5, 2025.

4. Trial Matters

Should a trial prove necessary, the government estimates that its case-in-chief would last approximately five full trial days. The parties have not proposed timing for expert discovery.

5. Speedy Trial Act

The controlling limit on trial timing is the 70-day speedy trial clock established by 18 U.S.C. § 3161, on which 70 days remain.

Defendant was indicted in the above captioned matter on May 29, 2025. Docket No. 1. Defendant was arrested on May 30, 2025, and was arraigned before this Court on June 2, 2025. Docket No. 12. At the arraignment, Defendant was released on conditions and bond. Docket Nos. 12, 14, 15

To date, zero days have elapsed under the Speedy Trial Act, leaving 70 days of non-excludable delay remaining. Pursuant to 18 U.S.C. §3161(h)(7)(A), the Court has excluded (or will exclude) all periods from May 29, 2025, through the next conference before the District Judge. *See* Docket No. 17 (excluding May 29, 2025 – July 16, 2025); Docket No. 33 (excluding July 16, 2025 – Sept. 8, 2025); Docket No. 42 (excluding Sept. 8, 2025 – Oct. 15, 2025).

The parties agree that it is appropriate to exclude the time between the previously scheduled status conference and the next status conference before the District Judge. As such, I will order the Clerk to exclude time from October 15, 2025, until the next status conference set by Judge Talwani.[1]

Dated: October 10, 2025

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[1] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).