UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC SPOFFORD,<br><br>Defendant. | Crim. No. 25-cr-10207-IT |

**GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS
ON FIRST AMENDMENT OVERBREADTH GROUNDS**

Defendant Eric Spofford stands charged with stalking journalists in an attempt to chill their First Amendment rights. Ironically, he now seeks to dismiss his indictment by asserting that the federal stalking statute with which he is charged, 18 U.S.C. § 2261A, is overbroad because it facially punishes expression protected by the First Amendment. *See* ECF No. 60. Defendant's overbreadth challenge must fail. Section 2261A criminalizes conduct, not speech, and thus it is not overbroad.

**Legal Standard**

Generally, a person to whom a statute constitutionally may be applied cannot challenge that statute on the ground that it conceivably may be applied unconstitutionally to others not before the Court. *New York v. Ferber*, 458 U.S. 747, 767 (1982). Spofford does not claim that the stalking statute has been unconstitutionally applied to him. Instead, Spofford invokes an exception to the general rule that applies in the First Amendment context – the overbreadth doctrine. Overbreadth permits a defendant to seek the facial invalidity of a statute if that statute criminalizes "a substantial amount of protected speech," even though the defendant himself did not engage in protected speech. *United States v. Williams*, 553 U.S. 285, 292 (2008). The doctrine recognizes that the threat

of enforcement of overbroad laws may deter people from engaging in constitutionally protected speech, thereby inhibiting the free exchange of ideas. *Id*.

However, in order to ensure that the overbreadth doctrine does not operate to facially invalidate statutes that have many valid applications, the Supreme Court has said that striking down a statute for facial overbreadth should be employed "with hesitation, and then only as a last resort." *L.A. Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32, 39 (1999). The function of facial overbreadth adjudication "attenuates" as the regulated behavior moves from "pure speech toward conduct." *Id*. at 40; *see also Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973) ("overbreadth claims, if entertained at all, have been curtailed when invoked against ordinary criminal laws that are sought to be applied to protected conduct."). It is not enough that a statute might conceivably apply to some protected speech. *Ferber*, 458 U.S. at 770-73. Rather, where conduct and not merely speech is involved, the overbreadth of a statute "must not only be real but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick*, 413 U.S. at 615. Against that backdrop, "an overbreadth challenge ... will rarely succeed against a law or regulation that is not specifically addressed to speech or to conduct necessarily associated with speech (such as picketing or demonstrating)." *Virginia v. Hicks*, 539 U.S. 113, 124, (2003).

The Supreme Court has adopted a two-step test to evaluate First Amendment overbreadth challenges to statutes. The first step "is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Williams*, 553 U.S. at 293; *see also United States v. Hansen*, 599 U.S. 762, 770, (2023) (in determining whether a statute sweeps too broadly, "we must first determine what it covers."). The second step is to determine "whether the statute ... criminalizes a substantial amount of protected expressive activity." *Williams* at 297. "The overbreadth claimant bears the burden of

demonstrating, from the test of [the law] and from actual fact, that substantial overbreadth exists." *Hicks*, 539 U.S. at 122 (cleaned up).

## Argument

The First Circuit has held that the federal stalking statute, 18 U.S.C. § 2261A, is a valid exercise of Congressional power to criminalize stalking, foreclosing defendant's argument. *See United States v. Ackell*, 907 F.3d 67 (1st Cir. 2018). By its explicit terms, the statute covers intentional conduct (*see* § 2261A(1)) or a course of conduct (*see* § 2261A(2)) that causes, attempts to cause, or would reasonably be expected to cause substantial emotional distress. The stalking statute is narrowly drawn to preclude application to substantially all conduct except where the intent and purpose of the actor is to harass and intimidate. The sweep of the stalking statute is plainly legitimate and neither imposes a real or substantial risk to protected speech. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Accordingly, section 2261A is not substantially overbroad.

In asserting that *Counterman v. Colorado*, 600 U.S. 66, 71 (2023), renders section 2261A overbroad, defendant attempts to fit a square peg into a round hole. The problem with the defendant's convoluted argument is that the statute at issue in *Counterman* was a state statute that targeted speech. Because section 2261A targets conduct, not speech, *Counterman* provides no support to the defendant's challenge. Defendant's motion to dismiss should be denied.

### I. Section 2261A Covers Conduct, Not Speech

The stalking statute does not criminalize speech. Rather, applying the first prong of the Supreme Court test for overbreadth to assess what section 2261A covers, *see Williams*, 553 U.S. at 293, it is clear that the statute addresses conduct. Section 2261A criminalizes the use of interstate

3

facilities to engage in <u>conduct</u> or a <u>course of conduct</u> where the actor intends to terrorize innocent people.

Specifically, section 2261A(1) criminalizes interstate travel with the intent to engage in harassing or intimidating conduct that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to [the victim]." Similarly, 18 U.S.C. § 2261A(2) specifically criminalizes "a course of conduct" made "with an intent to…harass [or] intimidate" that "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to [the victim]." A "course of conduct" is defined as "a pattern of conduct composed of two or more acts, evidencing a continuity of purpose." 18 U.S.C. § 2262(2).

In rejecting an identical claim of facial overbreadth, the First Circuit in *Ackell* explained that the "text of [section 2261A] is clear in that it targets conduct, specifically conduct performed with serious criminal intent, rather than speech protected by the First Amendment." 907 F.3d at 74; *see also United States v. Sayer*, 748 F.3d 425, 434–36 (1st Cir. 2014) (rejecting a facial challenge to an earlier version of section 2261A(2)(A) on similar grounds). There is no constitutionally-protected right to harass or intimidate people, and the First Amendment provides no shelter for such conduct. This conduct is not protected speech. *See United States v. Jubert,* 139 F.4th 484, 493–94 (5th Cir. 2025) (holding that section 2261A(2)(B) is not facially overbroad because "[i]t prohibits repeated harassment. It targets conduct, not commentary. It punishes actions, not viewpoints. And it does so within well-established constitutional bounds."); *United States v. Osinger*, 753 F.3d 939, 943-44 (9th Cir. 2014) (section 2261A's "proscribed acts are tethered to the underlying criminal conduct and not to speech"); *United States v. Petrovic*, 701

F.3d 849, 856 (8th Cir. 2012) ("Section 2261A(2)(A) is directed toward courses of conduct, not speech, and the conduct it proscribes is not necessarily associated with speech").[1]

## II. Section 2261A is Not Substantially Overbroad

Section 2261A does not "criminalize a substantial amount of protected expressive activity," *See Williams* at 297. Indeed, "[m]ost, if not all, of the [statute's] legal applications are to conduct that is not protected by the First Amendment." *United States v. Bowker*, 372 F.3d 365, 379 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1182 (2005). For this reason alone, defendant cannot establish that Section 2261A is substantially overbroad.

Once again, the First Circuit's decisions in *Ackell* and *Sayer* foreclose defendant's argument. The First Circuit has concluded – twice – that section 2261A is constitutional and not facially overbroad. *United States v. Ackell*, 907 F.3d 67, 74, 76 (1st Cir. 2018); *United States v. Sayer*, 748 F.3d 425, 434–36 (1st Cir. 2014). The Defendant's motion does not cite a single case in which any court has sustained a facial challenge to section 2261A on overbreadth grounds. In fact, multiple other circuits have considered and rejected such challenges. *See United States v. Jubert,* 139 F.4th 484, 493–94 (5th Cir. 2025); *United States v. Crawford*, 2025 WL 1248825 (9th Cir. 2025); *United States v. Fleury,* 20 F.4th 1353 (11th Cir. 2021); *United States v. Anderson*, 700 F. App'x. 190, 192 (4th Cir. 2017); *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012).

## III. *Counterman* Has No Bearing on the Constitutionality of Section 2261A

The Supreme Court's decision in *Counterman* does not alter the First Circuit's holdings in *Ackell* and *Sayer* that Section 2261A is constitutional and not overbroad because the statute covers

---

[1] Like *Sayer*, *Osinger* and *Petrovic* upheld the constitutionality of a prior version of section 2261A that required that the victim actually suffer emotional distress, rather than applying a reasonable person standard for the emotional distress component, as the statute reads today. However, those courts' decisions that section 2261A covers conduct and not speech remain valid. The addition of the reasonable person standard did not change the fact that the statute criminalizes conduct for purposes of the two-prong test for overbreadth set forth in *Williams*, 553 U.S. at 293.

conduct and not speech. The defendant's motion strains to apply *Counterman's* analysis of a state statute to the federal stalking statute. In doing so, the defendant completely ignores the first prong of the *Williams* test for overbreadth requiring an evaluation of what the statute at issue actually covers. In contrast to section 2261A, the Colorado state statute at issue in *Counterman* covers speech and true threats. Specifically, the Colorado statute challenged in *Counterman* requires a defendant to "[r]epeatedly ... make[ ] any form of communication with another person" in "a manner" that would cause and does cause serious emotional distress. *Counterman v. Colorado*, 600 U.S. 66, 71 (2023) (citing Colo. Rev. Stat. § 18–3–602(1)(c) (2022)). In requiring a defendant to have <u>communicated</u> with another person in a specific manner, the Colorado statute is squarely focused on speech and true threats. *See Counterman* at 70-74, *et seq*.

By contrast, section 2261A requires a defendant to engage in harassing or intimidating conduct, which involves "actions, not viewpoints." *Jubert*, 139 F.4th at 493. In *Ackell*, the First Circuit set forth examples of the "countless amounts of unprotected conduct" that could be criminalized under the plain language of section 2261A and do not constitute speech: "a defendant could send envelopes of unknown white powder to the victim in the mail; he could send the victim nude photographs of herself; he could open unwanted on-line dating profiles under the victim's identity; he could take out unwanted loans in the victim's name; or he could arrange every day for deliveries to be made at the victim's home at all hours of the night." 907 F.3d at 73. In the face of a statute aimed at conduct and not speech, *Counterman* does not help the defendant. *Counterman's* analysis of protected speech and true threats is not applicable to a facial challenge of section 2261A.

Indeed, since the Supreme Court decided *Counterman* in 2023, two appellate courts – the Fifth and Ninth Circuits – have considered *Counterman* and denied facial overbreadth challenges

to section 2261A. The Fifth Circuit found section 2261A facially constitutional post-*Counterman* in *United States v. Jubert*, 139 F. 4th 484, 493 (5th Cir. 2025). In *Jubert*, the Fifth Circuit applied the reasoning in *Counterman* to its analysis of the defendant's as-applied challenge to section 2261A (which is not at issue here), but the court did not even mention *Counterman* in its analysis and conclusion that 2261A is not facially overbroad. *Id.* at 490-95. The Fifth Circuit ignored *Counterman* in its analysis of the facial overbreadth of section 2261A, because the analysis of a statute criminalizing certain "communications," is not relevant or applicable to an analysis of a statute covering conduct. *See Jubert* at 493-94 ("Section 2261A(2)(B) …. targets conduct, not commentary. It punishes actions, not viewpoints. And it does so within well-established constitutional bounds.").

Additionally, the Ninth Circuit also recently found section 2261A facially constitutional and not overbroad post-*Counterman*. *See United States v. Crawford*, No. 23-2532, 2025 WL 1248825, at *1 (9th Cir. Apr. 30, 2025). The *Crawford* court explicitly rejected the suggestion that *Counterman* rendered section 2261A substantially overbroad, holding that "*Counterman* is not clearly irreconcilable with *Osinger*," the Ninth Circuit's 2014 decision finding Section 2261A not facially overbroad. *See Crawford* at *1, *citing United States v. Osinger*, 753 F.3d 939 (9th Cir. 2014). Specifically, the *Crawford* court held that *Counterman* did not require the court to overrule *Osinger* because, unlike the statute at issue in *Counterman*, section 2261A "criminalizes conduct or speech that is harassing or intimidating. That conduct or speech need not involve true threats." *United States v. Crawford*, No. 23-2532, 2025 WL 1248825, at *1 (9th Cir. Apr. 30, 2025).

This Court should follow the Fifth and Ninth Circuits and decline to apply *Counterman* to a statute focused on conduct.

7

### IV. Defendant's Examples of Potential Section 2261A Conduct Do Not Warrant Facial Invalidation

The defendant sets forth a parade of examples of allegedly protected speech that he claims are criminalized by section 2261A. *See* ECF No. 60 at 9. For overbreadth purposes, these examples are not violations of the stalking statute just because the defendant says so. To obtain a stalking conviction, there must be proof of serious criminal intent. Defendant's vague examples of social media harassment scarcely meet this threshold.

In *Sayer*, the First Circuit addressed and rejected a similar claim that "because the text of § 2261A(2)(A) encompasses speech that causes only substantial emotional distress, it proscribes protected expression that is merely annoying or insulting." 748 F.3d at 435. The First Circuit found the defendant's characterization of section 2261A "unconvincing" because the statute "clearly targets conduct performed with serious criminal intent, not just speech that happens to cause annoyance or insult." *Sayer* at 435.[2] Other circuits have agreed that the plain language of section 2261A substantially covers conduct that is not protected by the First Amendment. *See, e.g., Bowker*, 372 at 378–79 ("We fail to see how a law that prohibits interstate travel with the intent to kill, injure, harass or intimidate has a substantial sweep of constitutionally protected conduct…The same is true with respect to the prohibition of intentionally using the internet in a course of conduct that places a person in reasonable fear of death or serious bodily injury.").

In addition, even if the defendant can conceive of scenarios in which section 2261A might cover protected conduct, that does not render the statute unconstitutional. *See Parker v. Levy*, 417 U.S. 733 (facial invalidation not appropriate when the remainder of the statute "covers a whole range of easily identifiable and constitutionally proscribable conduct"); *Staley v. Jones*, 239 F.3d

---

[2] While *Sayer* addressed the constitutionality of a prior version of section 2261A, again the portion of the statute that requires that the defendant engage in conduct with serious criminal intent remains unchanged, and thus the quoted language of the court continues to have precedential validity in this Circuit.

8

769, 786 (6th Cir. 2001) ("[s]imply because the district court could cite several examples [of protected conduct that could conceivably be restricted under the Michigan stalking statute] does not make the statute overbroad"); *see also Ferber*, 458 U.S. at 773-74 (rejecting facial overbreadth challenge to a state statute because the law's "legitimate reach dwarfs its arguable impermissible applications"). The specific intent *mens rea* requirement in section 2261A limits its scope and, "[i]n the vast majority of its applications, …raises no constitutional problems whatever." *Williams*, 553 U.S. at 303. At the end of the day, "section 2261A(2)(B) does not operate as a speech restriction, but as a buttress against insidious conduct aimed at intimidating and harassing another person." *United States v. Jubert*, 139 F.4th 484, 495 (5th Cir. 2025).

## Conclusion

Section 2261A is an anti-stalking statute aimed at those who travel or use interstate facilities with the intent of engaging in conduct that harasses and terrorizes innocent victims. The statute does not infringe on protected speech and the Defendant's facial overbreadth challenge should therefore be rejected.

Respectfully Submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Torey B. Cummings*
Jason A. Casey
Torey B. Cummings
Assistant U.S. Attorneys

Dated: December 18, 2025

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Torey B. Cummings*
                                                  Torey B. Cummings
                                                  Assistant United States Attorney